■ VECTOR STEAMSHIP COMPANY, S. A., PANAMA, Respondent, v. MITSUBISHI BANK LIMITED, Appellant.— Order, entered on October 26, 1960, denying defendant's motion for an order staying this action until the rendering of an award in an arbitration proceeding now being conducted in London, England, unanimously affirmed, with $20 costs and disbursements to plaintiff-respondent. The defendant-appellant bank specifically takes the position that, under the terms and conditions of the letter of credit, the bringing and pendency of the arbitration proceeding bars payment thereunder to plaintiff. The bank's position, if valid, should be taken by means of the interposition of a defense to the action. Under the circumstances, we hold that the pendency of the arbitration proceeding is not ground for a stay of this action. It is immaterial, however, that the bank is not a party to the arbitration proceeding. The other arguments made by plaintiff need not be and are not considered; and, of course, this court does not reach or pass upon the question of whether or not the bringing and pendency of the arbitration proceeding is in fact a good defense to the action. Concur — Breitel, J. P., Rabin, McNally, Stevens and Eager, JJ.

■ YORKTOWN TEXTILE & TRIMMING CORP. et al., Respondents, v. LONDON ASSURANCE COMPANY et al., Appellants.— Order, entered on May 31, 1960, denying defendants' motion to vacate plaintiffs' notice of examination before trial, unanimously reversed, on the law and on the facts, with $20 costs and disbursements to defendants-appellants, and defendants' motion to vacate the plaintiffs' notice of examination of defendants before trial granted, with $10 costs. In this case, where the information and knowledge of defendant companies with respect to matters relevant to the issues depend largely upon their investigation and work product, it was heretofore determined on a prior motion (Special Term, STEUER, J.) and properly so, in our opinion, that a notice of examination of defendants, general in form, embracing all the issues, was not proper or suitable. The court upon the determination of the prior motion gave plaintiff leave to serve " a new notice specifying the particular items on which examination is desired ". The notice later served and the subject of the order appealed from is general and without proper specification of allowable items for an examination of defendants. Therefore, it should have been vacated. Concur — Breitel, J. P., Rabin, McNally, Stevens and Eager, JJ.